FILED
2014 May-29  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

|  |  |  |
|---|---|---|
| **KEVIN D. MORELAND and** | ) | |
| **MELISSA MORELAND,** | ) | |
|  | ) | |
| **Plaintiffs,** | ) | |
|  | ) | |
| **vs.** | ) | **Civil Action No. CV-13-S-579-NW** |
|  | ) | |
| **STEVEN MILLER, Acting** | ) | |
| **Commissioner of Internal** | ) | |
| **Revenue Service,** | ) | |
|  | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Following a bench trial on April 14, 2014, this court entered a final judgment in favor of defendant and taxed costs to plaintiffs pursuant to Federal Rule of Civil Procedure 54(d).[1]  Defendant submitted a Bill of Costs on April 24, 2014, requesting $1,274.45 for the cost of six deposition transcripts obtained during discovery.[2]  The *pro se* plaintiffs filed an objection to the Bill of Costs on May 2, 2014, asserting that the depositions conducted by defendant were unnecessary, and that requiring them to pay costs would be unjust due to their limited financial resources.[3]

The court rejects plaintiffs' first argument.  Depositions are a reasonable and

---

[1] Doc. no. 31 (Final Judgment).  Rule 54(d) provides, in pertinent part, that "costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).

[2] Doc. no. 34 (Bill of Costs).

[3] Doc. no. 35.

necessary part of almost any civil litigation, and, in this case, the depositions were necessary for defendant to develop its defense to plaintiffs' claims.

Plaintiffs' second argument warrants closer consideration. The Eleventh Circuit has held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (citing *Smith v. Southeastern Pennsylvania Transportation Authority*, 47 F.3d 97, 100 (3rd Cir. 1995); *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Chapman,* 229 F.3d at 1039. *See also Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982) (holding that "in no case may the district court refuse altogether to award attorney's fees to a prevailing Title VII defendant because of the plaintiff's financial condition," because "[a] fee must be assessed which will serve the deterrent purpose of the statute, and no fee will provide no deterrence.") (alteration supplied).

In the present case, plaintiffs filed a motion for leave to proceed *in forma pauperis* along with their complaint,[4] and the court partially granted the motion,

---

[4] Doc. no. 2.

reducing plaintiffs' $400 filing fee to $100.[5]  The court finds that a commensurate reduction in the amount of costs taxed would be appropriate here.  Accordingly, it is ORDERED that plaintiffs must pay costs in the total amount of Three Hundred Eighteen and 61/100ths Dollars ($318.61).

DONE this 29th day of May, 2014.

_____
United States District Judge

---

[5] Doc. no. 5.